UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

Arthur F. Knapp, Jr.,

Defendant.

C.A. No. __-____ (ABC)

## CONSENT OF DEFENDANT ARTHUR F. KNAPP, JR.

1.     Defendant Arthur F. Knapp, Jr. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violations of Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) & (3)], Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)], and Exchange Act Rules 13a-14 [17 C.F.R. 240.13a-14] and 13b2-1 [17 C.F.R. 240.13b2-1]; and from aiding and abetting violations of Exchange Act

1

Sections 13(a) and 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(a),

78m(b)(2)(A) and 78m(b)(2)(B)] and Exchange Act Rules 12b-20, 13a-1,

13a-11, and 13a-13 [17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-11 and

240.13a-13];

(b)    orders Defendant to pay disgorgement in the amount of $92,107, plus

prejudgment interest thereon in the amount of $7,893;

(c)    orders Defendant to pay a civil penalty in the amount of $30,000 under

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)

of the Exchange Act [15 U.S.C. § 78u(d)]; and

(d)    pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)],

prohibits Defendant from acting as an officer or director of any issuer that

has a class of securities registered pursuant to Section 12 of the Exchange

Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section

15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

2

4.      Defendant agrees to, and hereby does, waive and release any and all legal and equitable claims, or any potential causes of action whatsoever, against OCZ Technology Group, Inc. ("OCZ"), its successors or assigns.  In connection with such agreement, Defendant has withdrawn the Proof of Claim Number 94 previously filed by Defendant in *In re ZCO Liquidating Corp. (f/k/a OCZ Technology Group, Inc.), et al.*, Case No. 13-13126 (PJW).

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _27 August 2015_                         _____
                                                Arthur F. Knapp, Jr.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.


On _August 27_, 2015, _Arthur F. Knapp_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                    _____
                                    Notary Public
                                    Commission expires: _August 30, 2017_


Approved as to form:

_____
Norman Blears
Sidley Austin LLP
1001 Page Mill Road
Building 1
Palo Alto, CA 94304
(650) 565-7103
Attorney for Defendant

DEBRA LEE PARKER
Commission # 2035734
Notary Public - California
Santa Clara County
My Comm. Expires Aug 30, 2017